The petitioners, by their present application, seek leave to reargue an application previously made by them for an order compelling the executors named in the last will and testament of William O. Allison, deceased, to probate it in solemn form, and which application was heretofore denied by this court. Now, for the first time, they assert that they have not been afforded an opportunity to be heard with reference *Page 198 
to the due making and execution of this instrument, by reason of which they claim to have been deprived of their constitutional right to "due process of law." It is upon this fact that their present application is predicated.
It appears that all of the present petitioners, one as complainant and the others as defendants, were parties to a suit instituted in, and determined by, our court of chancery, prior to their previous and present application to this court, wherein the legality of certain provisions of the will in question was at issue. Each of them appeared and participated in the trial of that chancery suit and prosecuted it to a final decree. Although they were there afforded the opportunity of asserting every objection which existed against the will in toto or any of its provisions, nevertheless they saw fit to challenge the legality of certain of its provisions only, and this merely because said provisions were claimed to violate the rule against perpetuities and did not constitute a charitable trust, at the same time, however, admitting, by their respective pleadings, the "due making and execution" of said will, which fact they, by their present application, now seek — and, by their previous application, sought — an opportunity to contest.
In the suit which had been instituted in the court of chancery, that court had to find as an essential jurisdictional fact that the will in question was, in fact, the last will and testament of William O. Allison, deceased. This fact was not disputed in that proceeding, but on the contrary was even conceded by each of the present petitioners in their respective pleadings filed in said suit. This fact, as well as all others at issue in said suit, was conclusively determined by the final decree therein entered. That the present petitioners had the benefit of due process of law in that proceeding cannot be gainsaid, nor is such fact even questioned by them. Hence, it of necessity follows that the due process afforded to them in that suit extended to every fact and issue therein involved, whether litigated or admitted. One of said facts, as hereinbefore indicated, was the will in question, the last *Page 199 
will and testament of the testator, with reference to the establishment of which fact — despite their solemn admission in and the determination of the chancery suit — they now, for the first time, claim to have been denied or deprived of due process of law. In the face of these facts, I am of the opinion that their contention is without merit.
And even if it could be said that the petitioners, by the admission of the will to probate in common form, originally were deprived of an opportunity of contesting its due making and execution, and thus of their right to due process of law, I cannot say that they did not waive, and should not now be precluded from asserting their rights in that respect, by reason of their subsequent solemn admission of its due making and execution in the chancery suit instituted and prosecuted to a final decree by them.
Moreover, the failure on the part of the petitioners to assert in any of the previous litigation their alleged claim to having been deprived of due process of law, might now well be considered as a waiver on their part thereof. However, I am satisfied from all of the facts as they here exist that the petitioners' present application, which is addressed to the sound discretion of this court, should be denied. *Page 200